UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASMIN ASHLEY JOHNSON,

                Plaintiff,

    - against -

AFNI, INC., ET AL.,

                Defendants.

22-cv-2930 (JGK)

MEMORANDUM OPINION AND ORDER

---

**JOHN G. KOELTL**, District Judge:

On January 13, 2022, the plaintiff, Jasmin Ashley Johnson, brought this action in the New York State Supreme Court, New York County, against AFNI, Inc. ("AFNI"), Midland Credit Management, Inc. ("Midland"), and Professional Debt Mediation, Inc. ("PDMI"), alleging defamation, negligence, negligence per se, and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. See ECF No. 1 ("Not. of Removal"), Ex. A ("Compl."), at 2. The plaintiff served Midland on March 21, 2022, AFNI on March 22, 2022, and PDMI on March 25, 2022. ECF Nos. 12-14. On April 8, 2022, Midland removed the case to this Court based on federal question jurisdiction. See Not. of Removal; 28 U.S.C. § 1331. On April 18, 2022, AFNI consented to removal. ECF No. 8. On April 20, 2022, the plaintiff voluntarily dismissed with prejudice her claims against PDMI. ECF No. 17. PDMI did not file a consent to removal with the Court before the claims against it were dismissed.

The plaintiff now moves to remand this case to state court on the ground that the defendants did not unanimously consent to removal. See 28 U.S.C. § 1446(b)(2)(A). For the reasons explained below, the plaintiff's motion to remand is **denied**.

I.

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." Cal. Pub. Emps.' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004). An action may be removed to federal court if the plaintiff's well-pleaded complaint presents a federal question. See 28 U.S.C. § 1441(a). In this case, the complaint includes a claim arising under federal law, namely the FDCPA. See 28 U.S.C. § 1441(a).[1]

The plaintiff argues that removal was improper because Midland lacked the unanimous consent of the other two defendants to remove the case to federal court. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Id. § 1446(b)(2)(A). Further, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." Id. § 1446(b)(2)(B). Even before these specific provisions were incorporated in the statute in 2011,

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotations marks in quoted text.

2

courts in this district "consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period [for removal], a requirement known as the rule of unanimity." Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012)(per curiam).

## II.

There is no dispute that Midland and AFNI consented to remove the case to federal court. Midland was served on March 21, 2022 and removed the case 18 days later, on April 8, 2022. AFNI was served on March 22, 2022 and consented to removal 27 days later, on April 18, 2022.[2] The plaintiff argues only that unanimous consent was lacking because PDMI never consented to removal.

But PDMI's consent to removal was not required because the plaintiff voluntarily dismissed PDMI as a defendant from the lawsuit before the expiration of PDMI's thirty-day time period to consent to removal. While it appears that the Court of Appeals for the Second Circuit has not yet addressed whether Section 1446(b)(2)(A) requires consent to removal from discontinued defendants, a reasonable reading of the statute indicates that it does not. The statute specifies that "all defendants who have been properly joined and served must join in

---

[2] The plaintiff concedes that AFNI "has independently consented" to removal. See ECF No. 16 at 3.

or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "[T]o be recognized as a defendant for practical purposes, a party must be in an adversarial relationship with the plaintiff." Still v. DeBuono, 927 F. Supp. 125, 130 (S.D.N.Y. 1996). "Consequently, courts have denied remand where the defendants who would not consent to removal had no legal conflict with plaintiffs." Id.

Once a defendant has been voluntarily dismissed from the case, that party's adversarial relationship with the plaintiff has ended, and therefore requiring that party's consent to remove is unnecessary. A contrary reading could give a dismissed party the power to affect the legal rights of remaining parties in an action in which the dismissed party no longer held a legally cognizable interest.

In this case, PDMI was served on March 25, 2022, and therefore PDMI had until April 24, 2022 to file consent for removal. See ECF No. 13. On April 20, 2022, before the period expired, PDMI was voluntarily dismissed with prejudice from the case. See ECF No. 17. Thus, as of April 20, 2022, before the period to file consent expired, PDMI was no longer a party to this case, and its consent to removal was not required.

Having determined on this ground that PDMI's consent to removal was not required, it is unnecessary to address Midland's alternative claims that PDMI did consent to removal in the form

of an email to counsel for Midland, see ECF No. 21 ¶ 3-6, or that PDMI's consent to removal was not necessary because the plaintiff's claims against PDMI were separate and independent from the claims against Midland and AFNI. The plaintiff's motion to remand is **denied**.

### III.

The plaintiff's request for costs and attorney's fees associated with this motion is also **denied** because the motion did not result in an "order remanding the case." See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

### Conclusion

The Court has considered all of the arguments raised by parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion to remand is **denied**. The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:**   **New York, New York**
            **November 2, 2022**

_____
John G. Koeltl
**United States District Judge**