**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**JASMIN ASHLEY JOHNSON,**

                    **Plaintiff,**

      **- against -**

**AFNI, INC., ET AL.,**

                    **Defendants.**

---

      **22-cv-2930 (JGK)**

    **MEMORANDUM OPINION**
        **AND ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Jasmin Ashley Johnson, brought this action in the New York State Supreme Court, New York County, against AFNI, Inc. ("AFNI"), Midland Credit Management, Inc. ("Midland"), and Professional Debt Mediation, Inc. ("PDMI"), alleging defamation, negligence, negligence per se, and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. See ECF No. 1 ("Not. of Removal"), Ex. A ("Compl."), at 2. The plaintiff voluntarily dismissed with prejudice her claims against PDMI. See ECF Nos. 17-18. Midland timely removed the case to this Court based on federal question jurisdiction. See Not. of Removal; 28 U.S.C. § 1331. AFNI consented to removal. See ECF No. 8. On November 2, 2022, this Court denied the plaintiff's motion to remand this case to state court. See Johnson v. AFNI, Inc., No. 22-cv-2930, 2022 WL 16700190 (S.D.N.Y. Nov. 2, 2022).

The remaining defendants, AFNI and Midland, now move to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff did not oppose the defendants' motions to dismiss. For the reasons explained below, the defendants' motions to dismiss are **granted.** The complaint is **dismissed without prejudice** for failure to state a claim.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a

court must accept as true all of the allegations contained in
the complaint is inapplicable to legal conclusions." Id.[1]

Preliminarily, the plaintiff's failure to respond to the
defendants' motions to dismiss is enough on its own to justify
dismissal of the complaint, because "[t]he failure to oppose a
motion to dismiss a claim is deemed abandonment of the claim."
Black Lives Matter v. Town of Clarkstown, 354 F. Supp. 3d 313,
328 (S.D.N.Y. 2018); see also Johnson v. City of New York, No.
15-cv-8195, 2017 WL 2312924, at *17 (S.D.N.Y. May 26, 2017)
(collecting cases).

In any event, the plaintiff's claims fail on the merits.
First, the plaintiff's claim against the defendants for
violating the FDCPA must be dismissed. A violation under the
FDCPA requires that "(1) the plaintiff must be a consumer who
allegedly owes the debt or a person who has been the object of
efforts to collect a consumer debt, (2) the defendant collecting
the debt must be considered a debt collector, and (3) the
defendant must have engaged in an act or omission in violation
of the FDCPA's requirements." Skvarla v. MRS BPO, LLC, No. 21-
cv-55, 2021 WL 2941118, at *2 (S.D.N.Y. July 12, 2021). In this
case, the plaintiff simply alleges that AFNI and Midland

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits
all alterations, citations, footnotes, and internal quotation
marks in quoted text.

attempted to collect a debt from her that she "is not liable" for "by any agreement or law" and that they violated the FDCPA in the process. Compl. ¶ 6. The plaintiff neither identifies the provisions of the FDCPA that the defendants allegedly violated, nor alleges how the defendants did so. See Johnson v. Hunter Warfield, Inc., No. 22-cv-122, 2022 WL 1421815, at *3 (N.D.N.Y. May 5, 2022) ("Alleging that a plaintiff does not owe a debt, coupled with vague claims of an FDCPA violation, is insufficient to support a claim under the FDCPA.").[2] Accordingly, this claim must be dismissed.

The plaintiff also fails to allege any of the elements necessary to state a claim for defamation. To state a claim for defamation under New York law, a plaintiff must allege (1) that the statement at issue was defamatory, (2) that the statement was published by the defendant, (3) that the statement was communicated to a party who was not the plaintiff, and (4) the resulting injury to the plaintiff. Id. at *3. The plaintiff has failed to allege with specificity "any defamatory statements by [AFNI or Midland], if, when, or where defendant[s] published these statements, who defendant[s] communicated any defamatory

---

[2] The Johnson court dismissed a nearly identical complaint brought by the same plaintiff and asserting the same causes of action against a different defendant. See 2022 WL 1421815, at *1.

statements to, or how any defamatory statements injured her."
Id. This claim must therefore be dismissed.

Furthermore, the plaintiff fails to allege any facts
concerning duty, breach, or causation sufficient to support a
claim for negligence. To state a claim for negligence under New
York law, a plaintiff "must establish the existence of a legal
duty, a breach of that duty, proximate causation, and damages."
MVB Collision, Inc. v. Allstate Ins. Co., 13 N.Y.S.3d 137, 138
(App. Div. 2015); see also In re Lake George Tort Claims, 461 F.
App'x 39, 40 (2d Cir. 2012). The complaint simply alleges in
conclusory fashion that the defendants breached their duties to
the plaintiff pursuant to "the FDCPA, Reg. F, and GBL § 601."
Compl. ¶ 8. The plaintiff does not plead any facts to support an
allegation that these statutes created duties owed by the
defendants to the plaintiff. Moreover, the plaintiff's vague
allegation that the defendants have "contact[ed] her on a debt
she allegedly does not owe . . . is insufficient to allege a
claim for negligence." Johnson, 2022 WL 1421815, at *3. This
claim must therefore be dismissed.

Finally, the plaintiff's claim against the defendants for
negligence per se must also be dismissed because she fails to
state her claim with sufficient particularity. In New York,
negligence per se requires the plaintiff to establish "(1) that
he or she is among the class of people for whose particular

benefit a statute has been enacted; (2) that a private right of action would promote the legislative purpose behind the statute; and (3) that creation of the right would be consistent with the overall legislative scheme." <u>Fagan v. AmerisourceBergen Corp.</u>, 356 F. Supp. 2d 198, 214 (E.D.N.Y. 2004). The plaintiff fails to allege any of the elements necessary to state a claim for negligence per se. Indeed, the plaintiff "does not identify which provisions of either the FDCPA, Reg. F, or GBL § 601 . . . [AFNI or Midland] violated, or how she would fit into any group contemplated by these statutes." <u>Johnson</u>, 2022 WL 1421815, at *4. Accordingly, this claim must be dismissed.

Because this is the first dismissal of the complaint and it cannot be concluded that the plaintiff cannot cure deficiencies in the complaint, the complaint is dismissed without prejudice. <u>See</u> Fed. R. Civ. P. 15(a) (courts "should freely give leave" to amend); <u>Cruz v. TD Bank, N.A.</u>, 742 F.3d 520, 523 (2d Cir. 2013) ("[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead.").

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motions to dismiss (ECF Nos. 33, 35) are **granted**. The Complaint is **dismissed without prejudice** to the

filing of an amended complaint within thirty days of the date of this Memorandum Opinion and Order. If the plaintiff fails to file such an amended complaint by that deadline, this case will be dismissed with prejudice. The Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated:      New York, New York
            April 15, 2023

                                    _____
                                          John G. Koeltl
                                    **United States District Judge**